OPINION OF THE COURT
Edward S. Conway, J.
This is an action commenced by the Public Service Commission of the State of New York (PSC) alleging a violation of section 107 of the Public Service Law by the defendant and seeking to recover penalties against the defendant for said violation.
The defendant makes a motion for summary judgment dismissing the complaint. The plaintiff opposes the defendant’s motion and cross-moves for summary judgment for the relief demanded in the complaint.
On December 18,1979, the Board of Directors of Taconic Telephone Corp. adopted a resolution establishing a five-year plan for the redemption of all outstanding 5% preferred stock. However, at a subsequent meeting of the board of directors held March 19,1980, this resolution was amended by a resolution rescinding the requirement of PSC approval prior to implementing the plan of redemption for the preferred stock. It was the feeling of the board of directors that the company had sufficient nonutility revenues from which to redeem the preferred stock so that *808 PSC approval was not necessary. The nonutility revenues were derived from sales of directory advertising and rentals from surplus building space.
The defendant contends that prior approval of the PSC was not required because the revenues used to redeem the preferred stock were not received from the rendition of public service within the State pursuant to section 107 of the Public Service Law.
This court must agree with the contentions of the defendant. Section 107 of the Public Service Law provides as follows: “Except with the consent and approval of the public service commission first had and obtained, no public utility shall use revenues received from the rendition of public service within the state for any purpose other than its operating, maintenance and depreciation expenses, the construction, extension, improvement or maintenance of its facilities and service, the payment of its indebtedness and interest thereon, and the payment of dividends to its stockholders.”
In the opinion of this court, section 107 encompasses funds collected from customers as payment for public service or funds in anyway associated with public service. Here, the funds from rentals and directory advertising are certainly not connected with public service but represent other revenues received by a public utility.
Further, directory advertising is not an essential public service and telephone companies like defendant do not have to solicit advertising for their classified directories as part of the public service obligation (Matter of National Merchandising Corp. v Public Serv. Comm. of State of N. Y., 5 NY2d 485), and the PSC has no jurisdiction over the establishment of advertising rates (F. H. Von Damm, Inc. v New York Tel. Co., 60 Misc 2d 677).
It is therefore the opinion of this court that section 107 of the Public Service Law does not apply to the revenues derived from rentals and directory advertising and therefore the defendant’s motion for summary judgment dismissing the complaint is granted and the plaintiff’s cross motion for summary judgment is denied.